USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  12/18/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
DEMETER INVESTMENT HOLDINGS,          :
                                                              :
                                         Plaintiff,           :
                                                              :
                   -against-                                  :
                                                              :        24-CV-9485 (VEC)
                                                              :
J. STREICHER HOLDINGS, LLC and J.             :        ORDER
STREICHER & CO., L.L.C.,                       :
                                                              :
                                         Defendant.   :
-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

WHEREAS on December 12, 2024, Plaintiff filed its Complaint, Compl., Dkt. 1;

WHEREAS Plaintiff alleged that this Court's subject matter jurisdiction in this matter is premised on diversity, *id.* ¶ 6;

WHEREAS the Complaint alleged that Defendants J. Streicher Holdings, LLC and J. Streicher & Co., L.L.C. are limited liability companies with principal places of business in New York, the former is incorporated in Delaware, and the latter is incorporated in New York, *id.* ¶¶ 4–5;

WHEREAS on December 16, 2024, the Court ordered Plaintiff to file an amended complaint to cure certain deficiencies; namely, to include allegations as to the place of incorporation and principal place of business of any corporate entities that are members of Defendants or the citizenship of any natural persons who are members of Defendants, if any, *see* Dkt. 6; *Jean-Louis v. Carrington Mortg. Servs., LLC*, 849 F. App'x 296, 298 (2d Cir. 2021); *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51–52 (2d Cir. 2000); *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010);

WHEREAS Plaintiff filed its First Amended Complaint on December 16, 2024, Am. Compl., Dkt. 7;

WHEREAS Plaintiff now alleges that, upon information and belief, none of Defendants' members are citizens of the Cayman Islands (i.e., where Plaintiff is a citizen for purposes of diversity jurisdiction), *see id.* ¶¶ 3–5;

WHEREAS an allegation that a party "is a citizen of a different state . . . is insufficient to show that the diversity requirement is met because, standing alone, it is entirely conclusory," *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016); *see also Kenshoo, Inc. v. Aragon Advert., LLC*, 586 F. Supp. 3d 177, 180 (E.D.N.Y. 2022) (collecting cases from district courts in this Circuit holding that "allegations that a party is a citizen of a different state, or that none of the members of a defendant limited liability company are citizens of the same state as the plaintiff" do not meet the plausibility standard to invoke diversity jurisdiction); *New Millennium Cap. Partners, III, LLC v. Juniper Grp. Inc.*, No. 10 CIV. 46(PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010) ("A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." (citing *Handelsman v. Bedford Village Associates Ltd. Partnership,* 213 F.3d 48, 51–52 (2d Cir. 2000));

WHEREAS "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c);

WHEREAS diversity is lacking "where the only parties are foreign entities," *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002), and "even if a corporation organized under the laws of a foreign nation maintains its principal place of business

in a State, and is considered a citizen of that State, diversity i[s] nonetheless defeated if another alien party is present on the other side of the litigation," *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir. 1989); *see also Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 49 (2d Cir. 2021) ("A lawsuit between foreign parties does not implicate diversity jurisdiction."); and

WHEREAS Plaintiff has alleged only the legal conclusion that Defendants' members are not citizens of the Cayman Islands and has not alleged facts to support this conclusion.

IT IS HEREBY ORDERED that by no later than **Friday, December 27, 2024**, Plaintiff must file a second amended complaint that cures the deficiencies described herein or the complaint will be dismissed without prejudice for lack of subject matter jurisdiction. Specifically, Plaintiff is directed to allege the place of incorporation and principal place of business of each of Defendants' members that are corporate entities, as well as the domicile of any of Defendants' members that are natural persons, sufficient to allege that none of Defendants' members are aliens.

**SO ORDERED.**

Date:  December 18, 2024
       New York, New York

**VALERIE CAPRONI**
**United States District Judge**